# Order

Michigan Supreme Court
Lansing, Michigan

November 7, 2012

145288 & (61)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

JAMES P. HARKINS, JR.,
            Plaintiff,

and

DIANE DICKOW D'AGOSTINI and
KIMBERLY SMALL,
            Plaintiffs-Appellees and
            Cross-Appellants,

v

THOMAS R. PAXTON and GARAN, LUCOW,
MILLER, P.C.,
            Defendants-Appellants and
            Cross-Appellees.

SC:  145288
COA:  301576
Wayne CC:  08-018282-NM

_____/

On order of the Court, the application for leave to appeal the March 22, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that portion of the Court of Appeals decision relating to plaintiffs D'Agostini's and Small's (hereinafter plaintiffs) malpractice claims, and we REMAND this case to the Wayne Circuit Court for further proceedings not inconsistent with this order. Plaintiffs lack standing to pursue legal malpractice claims predicated upon duties allegedly breached by defendants in representing plaintiffs' employer, the 48th District Court. See *Beaty v Hertzberg Golden, PC*, 456 Mich 247, 253 (1997). On remand, the circuit court shall grant defendants' motion for summary disposition to the extent plaintiffs' complaint is based on allegations relating to claims the 48th District Court could have brought and deny the motion for summary disposition to the extent plaintiffs allege independent claims of legal malpractice. The application for leave to appeal as cross-appellants is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

We do not retain jurisdiction.

CAVANAGH, J., not participating due to a familial relationship with a member of a law firm involved in this matter.

HATHAWAY, J., not participating because she has a professional relationship with a member of a law firm involved in this matter.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 7, 2012

_____
Clerk

p1031